IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ENHANCED ENVIRONMENTAL &  PLAINTIFF
EMERGENCY SERVICES, INC. d/b/a E3

V.  NO: 3:22CV18-M-JMV

RICHARD WAYNE DELASHMIT  DEFENDANT

## ORDER

This cause comes before the Court on defendant Richard Delashmit's Motion to Dismiss for Failure to State a Claim. [26]. Specifically, Delashmit's Motion to Dismiss seeks to dismiss plaintiff's conversion claim. Plaintiff Enhanced Environmental & Emergency Services, Inc. (d/b/a E3) ("E3") has responded in opposition to this motion, and the Court having considered the submissions of the parties is prepared to rule.

**Factual and Procedural Background**

E3, an environmental services provider, formerly employed Delashmit as a business development manager. On October 18, 2021, Delashmit provided E3 with a two-week notice that he would be ending his employment. Delashmit left the E3 office that day in a company-owned truck with a company-owned laptop computer. That same day Delashmit's supervisor called him and stated that E3 was accepting his resignation immediately and that the company truck and laptop computer would need to be returned. An Operations Manager from E3 arrived at Delashmit's home soon after and retrieved the company truck and laptop computer.

E3 alleges that once Delashmit was told to return the company truck and laptop, Delashmit installed a USB device to the laptop; accessed and copied/downloaded an electronic file that contained information amounting to trade secrets to the USB device; and then removed the USB

1

device.  E3 believes and alleges that Delashmit took this electronic file with the purpose of engaging in unfair competition with E3 and that Delashmit has used the information contained in this file to divert existing customers and employees of E3 to work with his new employer.

E3 filed a six-count complaint including claims for violation of the Defend Trade Secrets Act; violation of the Mississippi Uniform Trade Secrets Act; conversion of E3's information and documents; unfair competition and tortious interference with actual and prospective advantageous business relations; tortious interference with employment contracts and relationships; and breach of the duty of loyalty and good faith. [1].

**Standard**

To survive a Rule 12(b)(6) motion to dismiss, the Fifth Circuit has made clear that "a complaint . . . must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the motion to dismiss stage, the question is whether, "the complaint states any legally cognizable claim for relief." *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). To survive dismissal, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (quoting *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010)). However, "[d]ismissal is proper if the complaint fails to allege a required element of the offense." *Bazan v. White*, 275 F. App'x. 312, 312-13 (5th Cir. 2008) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

**Discussion**

Delashmit's Motion to Dismiss argues that the allegations in the complaint surrounding the conversion claim fail to state a claim upon which relief can be granted. Delashmit argues that the Mississippi Uniform Trade Secrets Act ("MUTSA") preempts the conversion claim. The MUTSA allows plaintiffs to recover damages for misappropriation of a trade secret. Miss. Code Ann. § 75-26-7. A trade secret is "information, including a formula, pattern, compilation, program, device, method, technique or process, that: [d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and [is] the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Miss. Code Ann. § 75-26-3.

The MUTSA "displaces conflicting tort, restitutionary and other law of this state providing civil remedies for misappropriation of a trade secret." Miss. Code Ann. § 75-26-15. Delashmit argues that in order to avoid preemption, E3 must allege tort claims that are based on separate facts unrelated to the alleged misappropriation of a trade secret. Delashmit states that E3's claim for conversion claim is premised on the same facts as its claim for violation of trade secrets under the MUTSA, thus preempting the claim.

In a Mississippi Supreme Court decision concerning preemption of conversion, the Court agreed with the reasoning of focusing on "whether the failure of the misappropriation claim would doom the remaining counts as well." *Fred's Stores of Mississippi, Inc. v. M & H Drugs, Inc.*, 725 So.2d 902, 908 (Miss. 1998). Additionally, the Court found that the claims in that case were not preempted by MUTSA because "each of the claims could stand alone and withstand summary judgment even without [Plaintiff] proving that the I.R.S. list was a trade secret." *Id*.

3

The Fifth Circuit in *Brand Services, L.L.C. v. Irex Corp.*, 909 F.3d 151, 157 (5th Cir. 2018) found that the Louisiana equivalent of the MUTSA "preempts a Louisiana civilian law claim for conversion of trade secrets but does not preempt a civilian law conversion claim for confidential information that is not a trade secret." "[I]f confidential information that is not a trade secret nonetheless is stolen and used to the unjust benefit of the thief or detriment of the victim, then a cause of action remains under Louisiana civilian law." *Id*. at 158.

E3's conversion claim alleges that "Delashmit took and retained E3's confidential information and documentation that belongs to E3." [1]. E3's statement of facts in the complaint alleges that the file taken by Delashmit contained confidential and proprietary information. A district court in Oregon has encountered the same language of "confidential and proprietary" before, holding that this language "could be construed broadly enough to include information that does not fall within the definition of 'trade secret' under the Trade Secrets Act." *K.F. Jacobsen & Co., Inc. v. Gaylor*, 947 F. Supp. 2d 1120, 1127 (D. Or. 2013).

A claim for conversion under Mississippi law requires "proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand." *Covington County Bank v. Magee*, 177 So.3d 826, 829 (Miss. 2015) (citing *Smith v. Franklin Custodian Funds, Inc*., 726 So.2d 144, 149 (Miss. 1998)). The information or property wrongfully possessed, detained, or used in a conversion claim does not have to be a trade secret for a party to establish conversion. E3's conversion claim could survive even if the documents and information in question are not established to be trade secrets.

Viewing the allegations of the complaint in a light most favorable to E3, the Court finds that the terms "confidential and proprietary" and "confidential information and documentation"

4

could be interpreted in a manner that includes information not falling within the definition of a trade secret. Deciding at this stage of the case whether the information constitutes a trade secret would be premature and inappropriate, and thus Delashmit's Motion to Dismiss is denied.

## Conclusion

**ACCORDINGLY,** it is hereby **ORDERED** that Defendant's Motion to Dismiss [26] is **DENIED**.

**SO ORDERED**, this the 5th day of July, 2022.

                                        /s/Michael P. Mills
                                        **UNITED STATES DISTRICT JUDGE**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**